UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM D. SMITH, CIVIL ACTION NO. 15-10288

Plaintiff, HON. LAURIE J. MICHELSON

v

MELANY GAVULIC and
HURLEY MEDICAL CENTER,

Defendants.

LAW OFFICE OF GLEN N. LENHOFF
BY: GLEN N. LENHOFF (P32610)
MICHAEL E. FREIFELD (P48198)
328 South Saginaw Street
8th Floor, North Building
Flint, Michigan 48502
(810) 235-5660

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

**PARTIES AND JURISDICTION**

NOW COMES Plaintiff, William D. Smith, by and through his attorney, the Law Office of Glen N. Lenhoff, and hereby complains of Defendants, Melany Gavulic and Hurley Medical Center, as follows.

1. Plaintiff, William D. Smith (hereinafter Plaintiff), is a resident of the County of Genesee, State of Michigan.

2. Defendant, Melany Gavulic (hereinafter "Defendant Gavulic"), is a resident of the State of Michigan within the Eastern Judicial District of Michigan.

3. Defendant Hurley Medical Center (hereinafter Defendant Hurley) is a

publicly owned hospital which is a component of the City of Flint, Michigan.

4. Defendant Gavulic was the Chief Executive Officer (CEO) of Hurley Medical Center at all times pertinent to this lawsuit. Defendant is being sued in this case in her individual capacity.

5. In light of the foregoing, venue is proper in the United States District Court for the Eastern District of Michigan under 28 USC §1392(c).

6. This Court has subject matter jurisdiction over this case based on federal question jurisdiction codified in 28 USC §1331, as well as 42 USC §1343 because this is a 42 USC §1983 case.

7. Plaintiff has asserted state law claims in this case that are related to Plaintiff's federal claims such that the state law claims are part of the same case or controversy.

8. Accordingly, this Court has jurisdiction over Plaintiff's state law claims under 28 USC §1367.

## GENERAL ALLEGATIONS

9. Plaintiff is an African American male.

10. Plaintiff has been a licensed attorney in the State of Michigan since 1985.

11. Plaintiff began his employment as in-house counsel with Defendant Hurley in 1986.

12. In 2001, Plaintiff was promoted to the position of Executive Vice President and General Counsel for Defendant Hurley.

13. At the time of his discharge, Plaintiff was the only African American Executive Vice President within Defendant Hurley's organization.

14. Plaintiff performed his job in a competent manner.

15. On a number of occasions, Plaintiff complained that Defendant Gavulic was engaging in racial discrimination.

16. In April 2014, Defendant Gavulic refused to allow Plaintiff to hire an African-American female for a staff attorney position with Defendant Hurley.

17. In October 2014, Plaintiff filed a complaint pursuant to Defendant Hurley's Executive Employee Relations Policy with Carl Bekofske, Chairman of Defendant Hurley's Board of Managers.

18. In the said October 2014 complaint, Plaintiff stated that Defendant Gavulic had engaged in racial discrimination.

19. In Plaintiff's October 2014 complaint, Plaintiff cited to Plaintiff's opposition to Defendants' mishandling of the NICU (Neonatal Intensive Care Unit) race discrimination matter involving Tonya Battles in 2012.

20. In Plaintiff's October 2014 complaint, Plaintiff also cited to Defendant Gavulic's refusal to allow Plaintiff to hire an African-American female for a staff attorney position with Defendant in April 2014.

21. Plaintiff's complaints about racial discrimination were matters of public concern.

22. Plaintiff's October 2014 complaint involved racial discrimination, which was a matter of public concern.

23. Plaintiff's October 2014 complaint did not disrupt the operation of Defendant Hurley's Legal Department.

24. On or about January 13, 2015, Defendant's Board of Managers passed a resolution discharging Plaintiff from his employment.

25. The said Board of Managers was the policy making body of Defendant Hurley.

26. Thus, the discharge of Plaintiff was an act of policy of Defendant Hurley.

27. Plaintiff was discharged by Defendant Hurley on or about January 13, 2015

28. A substantial causative factor in Plaintiff's discharge was Plaintiff's complaint that Defendants were violating civil rights laws.

29. The said complaints were made to Defendant Hurley, which is a governmental entity.

30. A substantial causative factor in Defendants' decision and/or recommendation to discharge Plaintiff was, at least in part, because Plaintiff complained about race discrimination to Defendants.

31. A substantial causative factor in Defendant Gavulic's recommendation/decision to discharge Plaintiff was Plaintiff's race.

32. Plaintiff has suffered economic loss and emotional distress damages as a result.

**COUNT I. 42 USC §1983 CLAIM AGAINST DEFENDANT GAVULIC
BASED ON RACIAL DISCRIMINATION, WHICH IS VIOLATIVE OF THE EQUAL
PROTECTION CLAUSE TO THE UNITED STATES CONSTITUTION AS ASSERTED
THROUGH 42 USC §1983**

33. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs.

34. Defendant Gavulic acted under color of law with respect to her recommendation that Plaintiff be discharged.

35. Defendant Gavulic recommended the termination of Plaintiff in substantial part because of Plaintiff's race.

36. Thus, Defendant Gavulic violated Plaintiffs' rights under the equal protection clause of the United States Constitution.

37. Therefore, Plaintiff asserts a 42 USC §1983 racial discrimination claim against Defendant Gavulic.

**COUNT II – 42 USC §1983 CLAIM AGAINST DEFENDANT GAVULIC BASED ON THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AS ASSERTED UNDER 42 USC §1983**

38. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs.

39. Defendant Gavulic acted under color of law with respect to her recommendation that Plaintiff be discharged.

40. Defendant Gavulic recommended the termination of Plaintiff in substantial part because Plaintiff had complained about racial discrimination.

41. Plaintiff's complaints about racial discrimination were a matter of public concern.

42. Plaintiff's complaints about racial discrimination did not disrupt the Legal Department of Defendant Hurley.

43. Plaintiff's complaints about racial discrimination were a substantial causative factor in Plaintiff's discharge.

44. Therefore, Plaintiff hereby asserts a 42 USC §1983 First Amendment claim against Defendant Gavulic.

**COUNT III – 42 USC §1983 FIRST AMENDMENT CLAIM AGAINST**

**DEFENDANT HURLEY**

45. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs.

46. Defendant Hurley is a governmental entity.

47. The Board of Managers is a policy making body of Defendant Hurley.

48. The said Board of Managers passed a Resolution discharging Plaintiff.

49. Plaintiff's complaints regarding racial discrimination were a substantial causative factor in Plaintiff's discharge.

50. The said complaints by Plaintiff involved racial discrimination and are a matter of public concern.

51. The said complaints of Plaintiff did not disrupt the operation of the Legal Department of Defendant Hurley.

52. Therefore, Plaintiff's discharge was violative of the First Amendment to the United States Constitution.

53. Thus, Plaintiff hereby asserts a 42 USC §1983 First Amendment claim against Defendant Hurley.

**COUNT IV – MCLA §15.362 MICHIGAN WHISTLEBLOWERS' PROTECTION ACT CLAIM AGAINST DEFENDANTS**

54. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs.

55. One of the reasons Plaintiff was discharged was because Plaintiff reported violations of law to a governmental authority.

56. The said discharge is in violation of the Michigan Whistleblowers' Protection Act, MCLA §15.362.

57. Accordingly, Plaintiff hereby asserts a Whistleblowers' Protection Act Claim, MCLA §15.362, against Defendants for Plaintiff's discharge.

**COUNT V. MCLA §37.2701 RETALIATION CLAIM AGAINST DEFENDANTS**

58. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs.

59. One factor in Plaintiff's January 13, 2015 discharge was Plaintiff's complaints about race discrimination.

60. Accordingly, Plaintiff hereby asserts a MCLA §37.2701 retaliation claim against Defendant.

WHEREFORE, Plaintiff prays for Judgment against Defendants for damages in such sum as the Jury deems just, together with costs and interest. The said damages should include all damages allowed by law, including compensatory damages, punitive damages and attorney fees under 42 USC §1988.

**RELIANCE UPON JURY DEMAND**

Plaintiff hereby demands a jury under Rule 38 of the Federal Rules of Civil Procedure.

s/Glen N. Lenhoff
LAW OFFICE OF GLEN N. LENHOFF
328 South Saginaw Street, 8-North
Flint, Michigan 48502
(810) 235-5660
lenhofflaw@usol.com

s/Michael E. Freifeld
LAW OFFICE OF GLEN N. LENHOFF
328 South Saginaw Street, 8-North
Flint, Michigan 48502
(810) 235-5660
lenhofflaw@usol.com

(P32610)
Date: 01/28/2015

(P48198)
Date: 01/28/2015

9