UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM D. SMITH,                         U.S. District Court No. 2:15-cv-10288

        Plaintiff,                 Honorable Laurie J. Michelson
                                Honorable Anthony P. Patti

v.

MELANY GAVULIC and
HURLEY MEDICAL CENTER,

        Defendants.
_____/

| LAW OFFICE OF | KIENBAUM OPPERWALL HARDY |
|---|---|
|   GLEN N. LENHOFF |   & PELTON, P.L.C. |
| By: Glen N. Lenhoff (P32610) | By: Eric J. Pelton (P40635) |
|     Michael E. Freifeld (P48198) |     Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 328 South Saginaw Street | 280 N. Old Woodward Avenue |
| 8th Floor, North Building | Suite 400 |
| Flint, Michigan 48502 | Birmingham, MI 48009 |
| (810) 235-5660 | (248) 645-0000 |
| lenhofflaw@usol.com | epelton@kohp.com |
| | tdavis@kohp.com |

_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND**

Defendants Melany Gavulic and Hurley Medical Center, by their attorneys Kienbaum Opperwall Hardy & Pelton, P.L.C., state the following in answer to Plaintiff's First Amended Complaint:

## PARTIES AND JURISDICTION

1.      Upon information and belief, Defendants admit the allegations set forth in Paragraph 1.

2.      Admitted that Defendant Melany Gavulic lives within the part of Michigan that is under the jurisdiction of the United States District Court for the Eastern District of Michigan.

3.      Admitted that Defendant Hurley Medical Center is a publicly-owned hospital and a component unit of the City of Flint, Michigan.

4.      Admitted only that Ms. Gavulic was Interim Chief Executive Officer of Hurley Medical Center from February 2012 to April 2012, and has been the permanent Chief Executive Officer of Hurley Medical Center since April 2012. Defendants deny as untrue any allegation or inference that Plaintiff has a valid claim against Ms. Gavulic.

5.      Paragraph 5 states a legal conclusion for which no response is required.

6.      Paragraph 6 states a legal conclusion for which no response is required.

7.      Paragraph 7 states a legal conclusion for which no response is required.

8. Paragraph 8 states a legal conclusion for which no response is required.

## GENERAL ALLEGATIONS

9. Admitted.

10. Defendant is without information necessary to admit or deny Paragraph 10, and on that basis, denies.

11. Denied to the extent that Plaintiff did not become an employee of Hurley Medical Center until January 12, 1998; prior to that time, he performed legal work for Hurley Medical Center as an independent contractor.

12. Admitted.

13. Admitted that at the time of his discharge, Plaintiff was the *only* employee at Hurley Medical Center with the title "Executive Vice President," and that Plaintiff is African-American.

14. Denied as untrue.

15. Denied as untrue.

16. Denied as untrue.

17. Admitted only that in October 2014, Plaintiff submitted a document to Carl Bekofske (Chair of the Hurley Medical Center Board of Managers) purporting to address his employment concerns under the terms of Hurley Medical Center's

Executive Employee Relations Policy. Any other inferences or assertions in Paragraph 17 are denied as untrue.

    18.    Denied as untrue.

    19.    Admitted only that the October 2014 document mentioned the NICU matter. Defendants deny as untrue Plaintiff's characterization of the NICU matter, as well as Plaintiff's characterization of what the October 2014 document says about the NICU matter.

    20.    Admitted only that the October 2014 document mentioned Plaintiff's desire to hire a particular staff attorney. Defendants deny as untrue Plaintiff's characterization of the staff attorney matter (including, but not limited to, the untrue assertion that Plaintiff was not permitted to hire the staff attorney), as well as Plaintiff's characterization of what the October 2014 document says about the staff attorney matter.

    21.    Denied as untrue.

    22.    Denied as untrue.

    23.    Denied as untrue.

    24.    Admitted that the Hurley Medical Center Board of Managers voted to terminate Plaintiff's employment on January 12, 2015, effective January 13, 2015.

    25.    Admitted.

26. Paragraph 26 states a legal conclusion for which no response is required; to the extent that a response is required, Paragraph 26 is denied as untrue.

27. Admitted that the termination of Plaintiff's employment became effective on January 13, 2015.

28. Denied as untrue.

29. Admitted that Hurley Medical Center is a component unit of the City of Flint; otherwise, Paragraph 29 is denied as untrue.

30. Denied as untrue.

31. Denied as untrue.

32. Denied as untrue.

## COUNT I
### 42 U.S.C. § 1983 Claim Against Defendant Gavulic
### Based on Racial Discrimination

33. Defendants repeat their answers to Paragraphs 1 through 32, as if fully set forth herein.

34. Paragraph 34 states a legal conclusion for which no response is required.

35. Denied as untrue.

36. Denied as untrue.

37. Paragraph 37 states a legal conclusion for which no response is required.

## COUNT II
## 42 U.S.C. § 1983 Claim Against Defendant Gavulic
## Based on the First Amendment

38. Defendants repeat their answers to Paragraphs 1 through 37, as if fully set forth herein.

39. Paragraph 39 states a legal conclusion for which no response is required.

40. Denied as untrue.

41. Denied as untrue.

42. Denied as untrue.

43. Denied as untrue.

44. Paragraph 44 states a legal conclusion for which no response is required.

## COUNT III
## 42 U.S.C. § 1983 First Amendment Claim Against Defendant Hurley

45. Defendants repeat their answers to Paragraphs 1 through 44, as if fully set forth herein.

46. Admitted that Hurley Medical Center is a component unit of the City of Flint.

47. Admitted.

48. Admitted that the Hurley Medical Center Board of Managers voted to terminate Plaintiff's employment on January 12, 2015, effective January 13, 2015.

49. Denied as untrue.

50. Denied as untrue.

51. Denied as untrue.

52. Denied as untrue.

53. Paragraph 53 states a legal conclusion for which no response is required.

## COUNT IV
### MCLA § 15.362 Michigan Whistleblowers' Protection Act Claim Against Defendants

54. Defendants repeat their answers to Paragraphs 1 through 53, as if fully set forth herein.

55. Denied as untrue.

56. Denied as untrue.

57. Paragraph 57 states a legal conclusion for which no response is required.

## COUNT V
### MCLA § 37.2701 Retaliation Claim Against Defendants

58. Defendants repeat their answers to Paragraphs 1 through 57, as if fully set forth herein.

59. Denied as untrue.

60. Paragraph 60 states a legal conclusion for which no response is required.

WHEREFORE, Defendants request that the Court dismiss Plaintiff's First Amended Complaint in its entirety and award Defendants their costs and attorneys' fees reasonably incurred in having to defend against the Plaintiff's First Amended Complaint, including attorneys' fees under 42 U.S.C. § 1988.

        Respectfully submitted,

        KIENBAUM OPPERWALL
         HARDY & PELTON, P.L.C.

        */s/Thomas J. Davis*
        By: Eric J. Pelton (P40635)
            Thomas J. Davis (P78626)
        Attorneys for Defendants
        280 N. Old Woodward Avenue
        Suite 400
        Birmingham, MI 48009
        (248) 645-0000
        epelton@kohp.com
        tdavis@kohp.com

Dated: February 25, 2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM D. SMITH, | U.S. District Court No. 2:15-cv-10288 |
| Plaintiff, | Honorable Laurie J. Michelson |
| | Honorable Anthony P. Patti |
| v. | |
| MELANY GAVULIC and<br>HURLEY MEDICAL CENTER, | |
| Defendants. | |

_____/

| | |
|---|---|
| LAW OFFICE OF<br>  GLEN N. LENHOFF | KIENBAUM OPPERWALL HARDY<br>  & PELTON, P.L.C. |
| By:  Glen N. Lenhoff (P32610)<br>     Michael E. Freifeld (P48198) | By:  Eric J. Pelton (P40635)<br>     Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 328 South Saginaw Street | 280 N. Old Woodward Avenue |
| 8th Floor, North Building | Suite 400 |
| Flint, Michigan 48502 | Birmingham, MI 48009 |
| (810) 235-5660 | (248) 645-0000 |
| lenhofflaw@usol.com | epelton@kohp.com |
| | tdavis@kohp.com |

_____/

**AFFIRMATIVE DEFENSES**

Defendants Melany Gavulic and Hurley Medical Center, by their attorneys Kienbaum Opperwall Hardy & Pelton, P.L.C., state the following as their Affirmative Defenses:

1. Plaintiff's First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed as a matter of law.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or by the doctrines of estoppel and laches.

3. Plaintiff's claims may be barred, in whole or in part, by his failure to mitigate alleged losses (his entitlement to recover for which is expressly denied). Furthermore, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits or other earnings and remunerations, profits and benefits received by Plaintiff since his termination.

4. Plaintiff's claims and/or damages are limited by the doctrine of after-acquired evidence.

5. The 42 U.S.C. § 1983 claims against Defendant Gavulic should be dismissed on the basis of qualified immunity.

6. Defendant Hurley Medical Center is immune from liability based on the alleged constitutional torts of its employees under the authority of *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

7. Defendant Hurley Medical Center is immune from punitive damages under the authority of *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

Defendants reserve the right to add additional and/or supplemental affirmative defenses as they become known through further discovery and investigation.

WHEREFORE, Defendants request that the Court dismiss Plaintiff's First Amended Complaint in its entirety and award Defendants their costs and attorneys' fees reasonably incurred in having to defend against the Plaintiff's First Amended Complaint, including attorneys' fees under 42 U.S.C. § 1988.

                Respectfully submitted,

                KIENBAUM OPPERWALL
                 HARDY & PELTON, P.L.C.

                */s/Thomas J. Davis*
                By:  Eric J. Pelton (P40635)
                     Thomas J. Davis (P78626)
                Attorneys for Defendants
                280 N. Old Woodward Avenue
                Suite 400
                Birmingham, MI 48009
                (248) 645-0000
                epelton@kohp.com
                tdavis@kohp.com

Dated:  February 25, 2015

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2015, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties on record, and I hereby certify that I have caused to be served via U.S. mail the foregoing document to the following non-ECF participants:

(no manual recipients)

>  */s/Thomas J. Davis*
> Kienbaum Opperwall Hardy
>   & Pelton, P.L.C.
> 280 N. Old Woodward Avenue, Suite 400
> Birmingham, MI  48009
> (248) 645-0000
> (P78626)

219136