UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM D. SMITH,                              U.S. District Court No. 2:15-cv-10288

               Plaintiff,                  Honorable Laurie J. Michelson
                                       Honorable Anthony P. Patti

v.

MELANY GAVULIC and
HURLEY MEDICAL CENTER,

               Defendants.
_____/

| LAW OFFICE OF | KIENBAUM OPPERWALL HARDY |
|---|---|
|   GLEN N. LENHOFF |   & PELTON, P.L.C. |
| By:  Glen N. Lenhoff (P32610) | By:  Eric J. Pelton (P40635) |
|      Michael E. Freifeld (P48198) |      Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 328 South Saginaw Street | 280 N. Old Woodward Avenue |
| 8th Floor, North Building | Suite 400 |
| Flint, Michigan 48502 | Birmingham, MI 48009 |
| (810) 235-5660 | (248) 645-0000 |
| lenhofflaw@usol.com | epelton@kohp.com |
| | tdavis@kohp.com |

_____/

**MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S
CONTINUING OBLIGATIONS TO KEEP HURLEY MEDICAL CENTER
CONFIDENCES AND SECRETS UNDER MRPC 1.6**

Defendant Hurley Medical Center, by its attorneys, Kienbaum Opperwall Hardy & Pelton, P.L.C., seeks a protective order to preclude or, if appropriate, limit Plaintiff's disclosure of Hurley Medical Center attorney-client confidences and secrets in this litigation. In support of its motion, Hurley states the following:

1.    Plaintiff William Smith was Executive Vice President and General Counsel of Defendant Hurley Medical Center until the termination of his employment in January 2015. As an attorney, Smith has an ethical obligation to not disclose or use his ex-client Hurley's confidences and secrets, subject only to narrow exceptions.

2.    Smith has suggested that he may disclose and use Hurley's confidences and secrets under Michigan Rule of Professional Conduct 1.6(c)(5), which permits an attorney to disclose or use "confidences or secrets necessary to establish or collect a fee, or to defend the lawyer or the lawyer's employees or associates against an accusation of wrongful conduct."

3.    MRPC 1.6(c)(5) does not permit an attorney to reveal confidences and secrets so that he can establish a claim against a former client (except if necessary in a fee dispute). Hurley thus moves for a protective order precluding Smith from disclosing or using Hurley's confidences and secrets in support of his liability claims.

4.     Hurley's after-acquired evidence defense might constitute an accusation of "wrongful conduct" that allows Smith to disclose some confidences and secrets.  But the MRPC only permits those disclosures that are reasonably necessary to respond to an accusation of wrongful conduct, and those disclosures may only be made to those with a need to know.  Hurley thus requests a protective order setting forth a procedure for resolving disputes over Smith's permissible disclosures under MRPC 1.6(c)(5) and limiting the scope of any authorized disclosures under that rule.

5.     The relief sought herein was discussed with Plaintiff's counsel on several dates, including April 28, April 29, and May 4, 2015.  Concurrence in the relief sought was denied, necessitating the filing of this motion. (*See* Dkt. 13, ¶ 15.)

WHEREFORE, for these reasons and those set forth in more detail in the brief accompanying this motion, Defendant Hurley asks the Court to enter a protective order as discussed in the accompanying brief.

KIENBAUM OPPERWALL HARDY
& PELTON, P.L.C.

By:/s/Thomas J. Davis
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
    280 N. Old Woodward Avenue, Suite 400
    Birmingham, MI 48009
    (248) 645-0000
    epelton@kohp.com
Dated: May 27, 2015    tdavis@kohp.com

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM D. SMITH,                    U.S. District Court No. 2:15-cv-10288

        Plaintiff,                    Honorable Laurie J. Michelson
                                      Honorable Anthony P. Patti

v.

MELANY GAVULIC and
HURLEY MEDICAL CENTER,

        Defendants.

| LAW OFFICE OF | KIENBAUM OPPERWALL HARDY |
|---|---|
|   GLEN N. LENHOFF |   & PELTON, P.L.C. |
| By:  Glen N. Lenhoff (P32610) | By:  Eric J. Pelton (P40635) |
|      Michael E. Freifeld (P48198) |      Thomas J. Davis (P78626) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 328 South Saginaw Street | 280 N. Old Woodward Avenue |
| 8th Floor, North Building | Suite 400 |
| Flint, Michigan 48502 | Birmingham, MI 48009 |
| (810) 235-5660 | (248) 645-0000 |
| lenhofflaw@usol.com | epelton@kohp.com |
| | tdavis@kohp.com |

**BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
REGARDING PLAINTIFF'S CONTINUING OBLIGATIONS TO KEEP
HURLEY MEDICAL CENTER CONFIDENCES AND SECRETS UNDER
MRPC 1.6**

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.  Michigan Rule of Professional Conduct 1.6 forbids an attorney from revealing or using a client's confidences and secrets to the client's disadvantage. Rule 1.6(c)(5)'s litigation exception permits disclosure to *defend* the lawyer against an accusation of wrongful conduct—but not to establish a claim (except in a fee dispute). Should Plaintiff Smith, former General Counsel for Defendant Hurley Medical Center, be precluded from using Hurley confidences and secrets in support of his liability claims?

2.  Defensive disclosures under MRPC 1.6(c)(5) are limited to those "necessary" to respond to an accusation of wrongful conduct, and may only be disclosed to the tribunal or others with a need to know. To the extent that Hurley's after-acquired evidence defense—which is unrelated to Smith's liability claims—implicates Rule 1.6(c)(5), should the Court enter a protective order to ensure that any authorized disclosures do not exceed the scope of MRPC 1.6(c)(5)?

# TABLE OF CONTENTS

CONCISE STATEMENT OF ISSUES PRESENTED............................................... i

TABLE OF AUTHORITIES ................................................................................... iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........................... vi

INTRODUCTION...................................................................................................... 1

STATEMENT OF THE CASE................................................................................... 2

ARGUMENT ............................................................................................................. 4

    I.    Smith is ethically forbidden from using Hurley confidences and secrets offensively in support of his §1983, WPA, and ELCRA claims. ................ 4

    II.    Hurley's after-acquired evidence defense, at best, only allows Smith to make limited disclosures necessary to respond to Hurley's defense. .......... 8

    III.    Defendant's proposed protective order terms. ........................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Atlanta Int'l Ins. Co. v. Bell,*
    438 Mich. 512, 475 N.W.2d 294 (1991) ............................................................. 5

*Automated Solutions Corp. v. Paragon Data Sys.,* Inc.,
    756 F.3d 504 (6th Cir. 2014) ......................................................................... 11

*Chaban v. Rathore,*
    No. 308326, 2013 WL 6124250 (Mich. Ct. App. Nov. 21, 2013) ................... 6, 7

*Chandler v. Specialty Tires of Am., Inc.,*
    283 F.3d 818 (6th Cir. 2002) .......................................................................... 4

*Eagle v. Hurley Med. Ctr.,*
    292 F.R.D. 466 (E.D. Mich. 2013) .................................................................. 4

*Gen. Dynamics Corp. v. Superior Court,*
    876 P.2d 487 (Cal. 1994) ................................................................................ 7

*GTE Prods. Corp. v. Stewart,*
    653 N.E.2d 161 (Mass. 1995) .......................................................................... 7

*Housler v. First Nat'l Bank of E. Islip,*
    484 F. Supp. 1321 (E.D.N.Y. 1980) ............................................................. 10

*In re Perrigo Co.,*
    128 F.3d 430 (6th Cir. 1997) ......................................................................... 11

*Johnson v. Medisys Health Network,*
    No. 10-CV-1596, 2011 WL 5222917 (E.D.N.Y. June 1, 2011) .......................... 7

*Jones v. Nissan N. Am., Inc.,*
    438 F. App'x 388 (6th Cir. 2011) .................................................................... 8

*Laethem Equip. Co. v. Deere & Co.,*
    No. 05-10113, 2008 WL 4793355 (E.D. Mich. Nov. 3, 2008) .......................... 11

*Morin v. Trupin,*
    728 F. Supp. 952 (S.D.N.Y. 1989) .................................................................. 9

*Siedle v. Putnam Investments, Inc.,*
    147 F.3d 7 (1st Cir. 1998)................................................................................ 7

*Tonya Battle et al. v. Hurley Medical Center et al.,*
    Dkt. No. 2:13-cv-10680........................................................................... 2, 3, 4, 8

*Willy v. Coastal States Mgmt. Co.,*
    939 S.W.2d 193 (Tex. App. 1996) ................................................................... 7

*Wise v. Consol. Edison Co. of New York,*
    723 N.Y.S.2d 462 (2001)................................................................................. 8

## Rules

ABA Model Rule 1.6 ........................................................................................ 5, 6

Eastern District of Michigan Local R. 83.22 ...................................................... 4

Ellen J. Bennett *et al.*,
    Annotated Model Rules of Prof'l Conduct 109 (7th ed. 2011)........................... 6

Fed. R. Evid. 501.............................................................................................. 5

Michigan Rule of Professional Conduct 1.6 ..................................................... *passim*

Michigan Code of Professional Responsibility DR 4-101................................ *passim*

## Other Authorities

Michigan Supreme Court, Special Order,
    422 Mich. 1218 (1985) ................................................................................. 6

Michigan Supreme Court, Rules of Professional Conduct,
    430A Mich. 1 (1988) .................................................................................... 6

Michigan Ethics Opinion CI-569 ..................................................................... 9

Michigan Ethics Opinion CI-855 ..................................................................... 9

Michigan Ethics Opinion CI-946 ............................................................................ 9

Michigan Ethics Opinion CI-972 ............................................................................ 9

Michigan Ethics Opinion RI-84 ............................................................................. 9

Thomas J. Tallerico & Jeffrey G. Raphelson,
   *Professional Liability of Attorneys*, 36 Wayne L. Rev. 815 (1990) ...................... 6

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Chaban v. Rathore*, No. 308326, 2013 WL 6124250 (Mich. Ct. App. 2013)

Eastern District of Michigan Local R. 83.22(b)

Michigan Rule of Professional Conduct 1.6

# INTRODUCTION

Plaintiff William Smith is the former Executive Vice President and General Counsel of Defendant Hurley Medical Center. Under the Michigan Rules of Professional Conduct, Smith continues to have ethical obligations to Hurley, including an obligation to "not knowingly . . . reveal a confidence or secret of a client" or "use a confidence or secret of a client to the disadvantage of the client" unless an exception applies. MRPC 1.6(b)(1) & (2). This obligation survives the end of Smith's attorney-client relationship with Hurley. *Id.* 1.9(c). It is professional misconduct for Smith to "violate or attempt to violate" this Rule, or for any other attorney to "knowingly assist" Smith in doing so. *Id.* 8.4(a).

Smith's counsel has suggested that MPRC 1.6(c)(5) authorizes the disclosure of Hurley confidences in his case. This narrow exception allows a lawyer to reveal "confidences or secrets necessary to establish or collect a fee, or to defend the lawyer or the lawyer's employees or associates against an accusation of wrongful conduct." But the exception does not permit Smith to reveal Hurley confidences and secrets offensively, such as to support his liability claims. And even assuming that Hurley's after-acquired evidence defense—which is unrelated to the events in his complaint—is an "accusation of wrongful conduct," Rule 1.6(c)(5) only authorizes Smith to reveal confidences that are "reasonably necessary" to respond to *that accusation*, and only to those with a need to know.

1

Hurley thus moves for a protective order that (1) precludes Smith from disclosing or using Hurley confidences and secrets in support of his claims, including matters related to the *Battle* litigation discussed below; and (2) creates a framework for resolving disputes over Smith's potential disclosures of Hurley confidences and secrets in response to Hurley's after-acquired evidence defense, and limiting the scope of any authorized disclosures consistent with Rule 1.6.

## STATEMENT OF THE CASE

Hurley is a publicly-owned hospital in Flint, Michigan.  (Dkt. 8 ¶ 3.) From 1986 through his termination in January 2015, Plaintiff William Smith was Hurley's in-house counsel and had held the title of Executive Vice-President and General Counsel since 2001. (Dkt. 3 ¶¶ 11-12; Dkt. 8 ¶¶ 11-12.) In October 2014, Smith sent Hurley Board of Managers Chairman Carl Bekofske a document seeking to invoke Hurley's Executive Employee Relations Policy against Hurley CEO Melany Gavulic regarding her alleged interference with his ability to do his job. (*See* Dkt. 3 ¶ 17; Dkt. 8 ¶¶ 17.)  Smith asserts in his Amended Complaint that this document accuses Gavulic of racial discrimination with respect to a 2012 racial discrimination lawsuit[1] and Gavulic's alleged refusal to allow Smith to hire an African-American staff attorney. (Dkt. 3 ¶¶ 18-20.) Defendants disagree with this characterization; while the document mentions the racial discrimination

---

[1] *See Tonya Battle et al. v. Hurley Medical Center et al.*, Dkt. No. 2:13-cv-10680.

lawsuit and the staff attorney hiring, it does not say that Gavulic engaged in racial discrimination—and she in fact did not.[2] (*See* Dkt. 8 ¶¶18-20.)

Smith's reference to the *Battle* litigation directly implicates his role as Hurley's General Counsel. *Battle* arose out of an incident in which the father of a newborn in Hurley's Neonatal Intensive Care Unit revealed a swastika tattoo to a nurse, and told her that he did not want African-Americans to care for his baby. (*See Battle* Dkt. 1.) The request was briefly followed due to safety concerns— leading to the reassignment of African-American nurse Tonya Battle—until after the nursing staff was able to contact Smith. Ms. Battle brought a highly-publicized discrimination suit against the Hospital, again during Smith's tenure as General Counsel, which was quickly resolved.

It is unclear how Smith believes the *Battle* matter supports a claim that *he* suffered discrimination. Nonetheless, given Smith's invocation of *Battle* as supporting his own lawsuit, a letter was sent to Smith's counsel in early March 2015 reiterating Smith's continuing ethical obligations to maintain Hurley's secrets and confidences. (Ex. A.) The issue arose again during the negotiation of a stipulated protective order regarding confidential documents, with Smith's counsel suggesting that MRPC 1.6 permitted Smith to disclose Hurley confidences and

---

[2] The October 2014 document has voluminous exhibits that include references to attorney-client privileged matter and attorney work product, along with non-privileged material, and thus is not provided here. It will be produced, with appropriate redactions and a privilege log, in the ordinary course of civil discovery.

secrets both in support of his allegations and in response to Hurley's after-acquired

evidence defense. (*See* Ex. B.)  Hurley disagrees both with Smith's claim that he

can reveal Hurley secrets offensively, and with Smith's apparent understanding of

the scope of defensive-posture disclosures related to after-acquired evidence. (*See*

*id.*)  Hurley brings this motion to resolve the parties' dispute over Smith's ethical

obligations and the scope of any permissible disclosures.

## ARGUMENT

### I.   Smith is ethically forbidden from using Hurley confidences and secrets offensively in support of his §1983, WPA, and ELCRA claims.

Smith's complaint suggests that he intends to assert discrimination, among

other things, based on alleged "mishandling" of the *Battle* matter (Dkt. 3 ¶ 19).  To

Hurley's knowledge, Smith's sole involvement with the *Battle* lawsuit (and the

underlying incident itself) was in his capacity as Hurley's general counsel—and

thus it appears that Smith's intent is to reveal client confidences and secrets

regarding that matter (or other matters) to support his claims.

The plain language of MRPC 1.6(c)(5), however, expressly precludes such

an offensive use of a client's confidences and secrets.[3]  By its terms, a Michigan

---

[3] These rules govern all of the claims in this case.  The Eastern District of Michigan has adopted the MRPC as the applicable federal standards of professional conduct, E.D. Mich. Local R. 83.22(b); *see also Eagle v. Hurley Med. Ctr.*, 292 F.R.D. 466, 478 (E.D. Mich. 2013), and in any event, "the law of the forum state" would apply to Smith's state-law claims before the Court on supplemental jurisdiction. *Chandler v. Specialty Tires of Am., Inc.*, 283 F.3d 818, 823 (6th Cir. 2002); *see*

lawyer may reveal only "confidences or secrets necessary to establish or collect a fee, or *to defend* the lawyer or the lawyer's employees or associates against an accusation of wrongful conduct." *Id.* (emphasis added). This express limitation of disclosures to *defending* against an accusation of wrongdoing stands in stark contrast with the Model ABA Rule 1.6(b)(5), which authorizes disclosures "to *establish a claim* or defense on behalf of the lawyer in a controversy between the lawyer and the client." (emphasis added). Further, the legislative history of the rule confirms that this distinction from the ABA Model Rule was deliberate.

Prior to adopting the MRPC, Michigan followed the Code of Professional Responsibility. The relevant Code provision, DR 4-101(C)(4), was nearly identical to the current MRPC 1.6(c)(5): "A lawyer may reveal . . . [c]onfidences or secrets necessary to establish or collect his fee or to defend himself or his employees or associates against an accusation of wrongful conduct." *See Atlanta Int'l Ins. Co. v. Bell*, 438 Mich. 512, 528 n.6, 475 N.W.2d 294, 301 n. 6 (1991). The Michigan Supreme Court's proposed draft of the MRPC, issued in 1985 for public comment, contained the broader "establish a claim or defense" language found in the ABA Model Rule.[4] *See* Mich. Supreme Court Special Order, 422 Mich. 1218, 1221

---

*also* Fed. R. Evid. 501 ("state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.")

[4] ABA Model Rule 1.6(b)(5) was itself intended to "enlarge[]" Model Code of Professional Responsibility DR 4-101 that, like Michigan's MCPR, only allowed

(1985) (Ex. E.). The final rules, however, do not contain that language. Rather, the Court "rejected . . . proposed rule [1.6] in favor of the Code's DR 4-101." Thomas J. Tallerico & Jeffrey G. Raphelson, *Professional Liability of Attorneys*, 36 Wayne L. Rev. 815, 822 (1990); *see generally* Rules of Professional Conduct, 430A Mich. 1, 16-17 (1988) (Ex. F.)

The MRPC's unambiguous limitation of attorney disclosures to self-defense precludes Smith's offensive use of Hurley confidences and secrets to establish his claims. The case of *Chaban v. Rathore*, No. 308326, 2013 WL 6124250 (Mich. Ct. App. Nov. 21, 2013) (Ex. G) is instructive. There, two law firms were owed money by ex-clients (a bankrupt company and its owner), but instead of suing "to collect their claimed fees," they brought a Uniform Fraudulent Transfer Act suit against the ex-clients and the owner's family members. *Id.* *1-2. In so doing, the law firms used "information that [they] acquired during the course of their attorney-client relationships" to assert that they were creditors of the ex-clients, claiming that MRPC 1.6(c)(5) authorized them to do so. *Id.* *2, 4. The Michigan Court of Appeals disagreed. Even though the underlying dispute related to fees, the suit "was not an action to establish or collect attorney fees; rather, [it] was an UFTA action" and thus Rule 1.6(c)(5) did not authorize the disclosures. *Id.* *11. The

---

disclosures in fee disputes or self-defense. *See* 67 A.B.A. Journal supplement, Rule 1.6, Notes: Code Comparison (Oct. 1981) (Ex. C.); Ellen J. Bennett *et al.*, Annotated Model Rules of Prof'l Conduct 109 (7th ed. 2011) (Ex. D.)

Court noted that use of client confidences and secrets to support a fraud suit against the client was an "egregious" violation of the ethical rules—and, indeed, found that a swift dismissal would have been the proper relief. *Id.* *10, 15.

Here, to Hurley's knowledge, Smith has not yet revealed its confidences and secrets and does not know if Smith has other proofs that he might use to support his claims. Thus, unlike in *Chaban*, Hurley is not asking for the case to be dismissed. Significant authority, however, interprets the self-defense language of DR 4-101 (and, by extension, MRPC 1.6(c)(5)) to require that an attorney only prosecute claims against an ex-client to the extent that he can do so without using client confidences.[5] The Court should thus enter a protective order precluding

---

[5] *See, e.g., Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 11 (1st Cir. 1998) ("DR 4-101(C)(4) creates a *defensive* mechanism for lawyers," and does not permit "an attorney . . . to use confidential information *offensively*"); *Johnson v. Medisys Health Network*, No. 10-CV-1596, 2011 WL 5222917, at *22-27 (E.D.N.Y. June 1, 2011) (holding that general counsel suing former client for employment discrimination and wrongful termination cannot "use information that she knows would be detrimental to her former clients" under NYRPC 1.6, which is substantively identical to DR 4-101 and MRPC 1.6); *GTE Prods. Corp. v. Stewart*, 653 N.E.2d 161, 167-68 & n.12 (Mass. 1995) (wrongful discharge claim by ex-attorney "must be established . . . without any violation of the attorney's obligation to respect client confidences and secrets," and distinguishing DR 4-101 from Model Rule); *Willy v. Coastal States Mgmt. Co.*, 939 S.W.2d 193, 200-01 (Tex. App. 1996) (holding that Texas DR 4-101(C)(4) did not permit disclosures "to prove a claim against the client," and thus plaintiff "can maintain a suit for wrongful termination only if his claim can be proved without any violation of his ethical obligation to respect client confidences and secrets"); *Gen. Dynamics Corp. v. Superior Court*, 876 P.2d 487, 503-04 (Cal. 1994) ("where the elements of a wrongful discharge in violation of fundamental public policy claim cannot, for reasons peculiar to the particular case, be fully established without breaching the

Smith from revealing Hurley confidences and secrets in support of his liability claims.

## II. Hurley's after-acquired evidence defense, at best, only allows Smith to make limited disclosures necessary to respond to Hurley's defense.

Defendants have raised an after-acquired evidence affirmative defense, *i.e.*, an argument that Smith "would have been terminated anyway had the employer known of wrongful conduct by the employee plaintiff." *Jones v. Nissan N. Am., Inc.*, 438 F. App'x 388, 405 (6th Cir. 2011). The after-acquired defense would not negate liability, but rather would serve only to bar front pay and reinstatement, while limiting back pay. *Id.*

Hurley's after-acquired evidence defense has nothing to do with the *Battle* litigation or any of the events described in Smith's complaint. It recognizes, however, that under certain circumstances the defense could constitute an "accusation of wrongful conduct" for purposes of MRPC 1.6(c)(5). Under the Rule, then, Smith may be permitted to reveal "confidences or secrets *necessary* . . . to defend the lawyer . . . against an accusation of wrongful conduct." *Id.* (emphasis added). As the emphasized language makes clear, however, Smith's ability to

---

attorney-client privilege, the suit must be dismissed in the interest of preserving the privilege."); *Wise v. Consol. Edison Co. of New York*, 723 N.Y.S.2d 462, 463 (2001) ("Plaintiff's affirmative claims against defendant for damages, grounded in the theory of wrongful discharge, do not fall within the exception permitting an attorney to disclose confidences or secrets necessary to defend 'against an accusation of wrongful conduct'").

disclose confidences and secrets is strictly limited to what is necessary to respond to the after-acquired evidence charges.[6] *See, e.g.*, MRPC 1.6 comment, *Dispute Concerning Lawyer's Conduct* ("disclosure should be no greater than the lawyer reasonably believes is necessary to vindicate innocence"); Michigan Ethics Opinion RI-84 ("A lawyer may reveal confidences and secrets of a client to defend the lawyer against an accusation of wrongful conduct, but only to the extent reasonably necessary to do so.") The audience for Smith's disclosures is similarly limited; any permissible "disclosure should be made in a manner which limits access to the information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable." MRPC 1.6 comment, *Dispute Concerning Lawyer's Conduct*. Given the overarching ethical duty to maintain confidences, the self-defense exception "ought to be invoked gingerly, after careful study and deliberation." *Morin v. Trupin*, 728 F. Supp. 952, 957 (S.D.N.Y. 1989).

Smith apparently takes a different view—claiming that Hurley's after-acquired evidence defense means "Hurley has relinquished any privilege argument." (Ex. B.) But that is not so. At best, Defendants' after-acquired

---

[6] The same was true of Michigan DR 4-101. *See, e.g.*, Michigan Ethics Opinion CI-569 (disclosure limited to "that absolutely *necessary* to respond to the inquiry!"); CI-855 ("only information germane to the defense may be disclosed"); CI-946 (attorney "must take care to not disclose more than is necessary"); CI-972 ("Only those [confidences] germane to the defense should be revealed"). The ethics opinions are available at http://www.michbar.org/opinions/ethics/search.

evidence affirmative defense allows Smith to offer a limited revelation of those confidences and secrets necessary to respond to that defense; it is not a license for Smith to disclose confidences and secrets regarding his entirely unrelated liability claims. *See Housler v. First Nat'l Bank of E. Islip*, 484 F. Supp. 1321, 1323-24 (E.D.N.Y. 1980) (holding, under DR 4-101, that general counsel sued as third-party defendant could make disclosures only "in the narrow context of [his] own defense" and could not "be the means by which plaintiffs may prove the allegations of their complaint.") A protective order and disclosure protocol is warranted to ensure that Smith makes only disclosures authorized by MRPC 1.6.

## III.   Defendant's proposed protective order terms.

The comments to MRPC 1.6(c)(5) state that protective orders should be used to the extent practicable to protect client confidences and secrets. Hurley proposes a protective order setting forth the following rules to protect Hurley's confidences and secrets; to identify and resolve disputes over what Smith may disclose; and to limit the extent of any otherwise permissible disclosures:

1.   Smith should be forbidden, by default, from disclosing Hurley confidences and secrets to any person or using Hurley confidences and secrets in this case, including disclosures for offensive use in support of his liability claims.

2.   To the extent Smith believes that it is necessary to reveal Hurley confidences and secrets in response to Defendants' after-acquired evidence

affirmative defense, he should be required to submit those documents (or an affidavit setting forth proposed oral disclosures) to counsel for Hurley—the privilege holder—for review, along with the identities of any persons (besides the Court and Hurley) who Smith believes are necessary recipients of the disclosure.

      3.     If Hurley agrees that the specific disclosures to specific individuals are reasonably necessary to respond to the after-acquired evidence defense, then Smith may make those specific, limited disclosures, subject to the conditions identified in Paragraph 5 below.

      4.     If Hurley disagrees that the disclosures are reasonably necessary to respond to the after-acquired evidence defense, Smith shall file a sealed motion[7] with the Court setting forth the disclosures, and providing the Court with a "factual basis adequate to support a good faith belief" by Smith that the exception applies. *See Automated Solutions Corp. v. Paragon Data Sys.*, Inc., 756 F.3d 504, 517 (6th Cir. 2014) (imposing this threshold before a Court may review *in camera* privileged materials to determine the applicability of the crime/fraud exception to attorney-client confidentiality). Hurley will be permitted to respond. Unless the hearing on such a motion is closed by the Court, counsel should be forbidden from identifying the substance of the confidences and secrets in the public hearing.

---

[7] *See Laethem Equip. Co. v. Deere & Co.*, No. 05-10113, 2008 WL 4793355, at *3 (E.D. Mich. Nov. 3, 2008) ("A communication in a court filing protected by the attorney-client privilege is valid grounds for filing that document under seal.") (citing *In re Perrigo Co.*, 128 F.3d 430, 441 (6th Cir. 1997)).

5.     If a disclosure under Rule 1.6(c)(5) is authorized, Smith should be limited to disclosing the confidence or secret to the Court, his counsel, Hurley's counsel, and the persons who are authorized as having a need to know. These third persons should be required to assent to the terms of the Court's protective order before the disclosure is made (which itself should preclude such persons from further disseminating the confidences or secrets.) References to the authorized disclosure should be redacted in public filings, with sealed, unredacted copies of filings provided to the Court and opposing counsel.

Respectfully submitted,

KIENBAUM OPPERWALL
HARDY & PELTON, P.L.C.

*/s/Thomas J. Davis*
By:  Eric J. Pelton (P40635)
        Thomas J. Davis (P78626)
Attorneys for Defendants
280 N. Old Woodward Avenue
Suite 400
Birmingham, MI 48009
(248) 645-0000
epelton@kohp.com
tdavis@kohp.com

Dated:  May 27, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2015, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties on record, and I hereby certify that I have caused to be served via U.S. mail the foregoing document to the following non-ECF participants:

(no manual recipients)

/s/Thomas J. Davis
Kienbaum Opperwall Hardy
  & Pelton, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI  48009
(248) 645-0000
(P78626)

225310