UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM D. SMITH,

        Plaintiff,                        Case No. 2:15-cv-10288
                                          District Judge Laurie J. Michelson
v.                                       Magistrate Judge Anthony P. Patti

MELANIE GAVULIC, *et al.*,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER (DE 14) AND REQUIRING THE SUBMISSION OF A PROPOSED PROTECTIVE ORDER

This matter is before the Court for consideration of Defendants' motion for protective order regarding Plaintiff's continuing obligations to keep Hurley Medical Center confidences and secrets under Michigan Rule of Professional Conduct ("M.R.P.C.") 1.6 (DE 14), Plaintiff's response (DE 15), and Defendants' reply (DE 17).  Judge Michelson referred the instant motion to me on June 15, 2015, pursuant to 28 U.S.C. § 636(b)(1)(A).  (DE 16.)  The motion came before the Court for oral argument on July 22, 2015.

The Court's oral findings and opinion were placed on the record at the time of the hearing with respect to the need for a protective order regarding Plaintiff's continuing obligations to keep Hurley Medical Center confidences and secrets, and

on the applicability and limitations contained in M.R.P.C. 1.6, and are hereby incorporated by reference in this Order.  The Court has found, *inter alia,* that under M.R.P.C. 1.6, Plaintiff is prohibited from disclosing "confidences" and "secrets" – as those terms are defined by M.R.P.C. 1.6(a)–arising from his former service as in-house counsel to Defendant Hurley Medical Center (and his ongoing obligations arising therefrom) in support of the claims he has made in this lawsuit; however, this prohibition is subject to the limited exception that he may "reveal . . . confidences or secrets necessary to . . . defend . . . against an accusation of wrongful conduct" M.P.R.C. 1.6(c)(5), which exception applies to any accusation of wrongdoing attributed to him by Defendant in its Affirmative Defense #4 (DE 8 at 10) or any accusation of wrongdoing attributed to him in any justification for terminating his employment that may be  articulated by Defendants in this case. Any such exceptional disclosure or revelation "should be made in a manner which limits access to the information to the tribunal or other persons having a need to know it, and appropriate protective orders or other arrangements should be sought by the lawyer to the fullest extent practicable."  M.R.P.C. 1.6, *Comments: Dispute Concerning Lawyer's Conduct.* Accordingly, Defendants' motion is **GRANTED** (DE 14), as the Court finds that it is necessary to have a mechanism for screening and circumscribing the disclosure and use of such privileged information.

The parties are **DIRECTED** to confer and submit a joint proposed protective order, which reflects the Court's ruling from the bench, within ten days of receiving the hearing transcript, or, if unable to agree upon language that should be contained within such a protective order, shall each submit proposed protective orders for the Court's consideration.  Nothing in this Order or any future protective order entered as a result of the instant motion supersedes or abrogates the existing protective order (DE 13), provisions of which may be utilized in the interim to designate or protect matters that may be subject to M.R.P.C 1.6, as necessary, until such time as a protective order specific to the issue of attorney-client privilege is entered.

**IT IS SO ORDERED.**

Dated: July 24, 2015                    s/Anthony P. Patti
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE


I hereby certify that on July 24, 2015, a copy of the document was sent to parties of record on July 24, 2015, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager to the
                                        Honorable Anthony P. Patti