UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM D. SMITH,                          U.S. District Court No. 2:15-cv-10288

               Plaintiff,        Honorable Laurie J. Michelson
                                           Honorable Anthony P. Patti
v.

MELANY GAVULIC and
HURLEY MEDICAL CENTER,

            Defendants.

_____/

| | |
|---|---|
| LAW OFFICE OF<br>  GLEN N. LENHOFF<br>By:  Glen N. Lenhoff (P32610)<br>    Michael E. Freifeld (P48198)<br>Attorneys for Plaintiff<br>328 South Saginaw Street<br>8th Floor, North Building<br>Flint, Michigan 48502<br>(810) 235-5660<br>lenhofflaw@usol.com | KIENBAUM OPPERWALL HARDY<br>  & PELTON, P.L.C.<br>By:  Eric J. Pelton (P40635)<br>    Thomas J. Davis (P78626)<br>Attorneys for Defendants<br>280 N. Old Woodward Avenue<br>Suite 400<br>Birmingham, MI 48009<br>(248) 645-0000<br>epelton@kohp.com<br>tdavis@kohp.com |

_____/

**STIPULATED PROTECTIVE ORDER REGARDING MICHIGAN RULE
OF PROFESSIONAL CONDUCT 1.6 ISSUES**

For the reasons stated by the Court on the Record during the July 22, 2015

Hearing on this matter and in its Order of July 24, 2015 (Dkt. 19), IT IS HEREBY

ORDERED:

1.      Mr. Smith shall not: (a) reveal a confidence or secret of Hurley Medical Center; (b) use a confidence or secret to the disadvantage of Hurley Medical Center; or (c) use a confidence or secret of Hurley Medical Center for the advantage of himself or a third person unless authorized under the terms of this Protective Order and in a manner consistent with the Michigan Rules of Professional Conduct.   As defined in MRPC 1.6(a), "confidence" refers to information protected by the client/lawyer privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.

2.      The Magistrate Judge has ruled that

> under M.R.P.C. 1.6, Plaintiff is prohibited from disclosing "confidences" and "secrets" – as those terms are defined by M.R.P.C. 1.6(a)–arising from his former service as in-house counsel to Defendant Hurley Medical Center (and his ongoing obligations arising therefrom) in support of the claims he has made in this lawsuit; however, this prohibition is subject to the limited exception that he may "reveal . . . confidences or secrets necessary to . . . defend . . . against an accusation of wrongful conduct" M.P.R.C. 1.6(c)(5), which exception applies to any accusation of wrongdoing attributed to him by Defendant in its Affirmative Defense #4 (DE 8 at 10) or any accusation of wrongdoing attributed to him in any justification for terminating his employment that may be articulated by Defendants in this case.

Dkt. 19 at Pg ID 264. To the extent Mr. Smith reasonably believes that the revelation of Hurley confidences and secrets are "necessary . . . to defend [himself]" against "an accusation of wrongful conduct" by Hurley in this case, counsel should engage in reasonable discussions in which Mr. Smith's counsel informs Hurley's counsel of proposed disclosures of confidences and secrets. If, by way of such discussions, Hurley objects to the proposed disclosures or requests that the proposed disclosures be specified in writing, Mr. Smith's counsel shall then identify those confidences and secrets in writing to Hurley's counsel, setting forth with specificity the confidences and secrets Mr. Smith proposes to disclose (including any documents in which confidences and secrets are embodied) and the persons that Mr. Smith believes need to know the confidences and secrets.

3.      If there is a need to proceed by way of writings between counsel referred to in paragraph 2 above, Hurley shall have 14 days from the submission of the writing to review any proposed disclosures. If Hurley agrees that the proposed disclosures are necessary for Mr. Smith to "defend [himself] or [his] employees or associates against an accusation of wrongful conduct", then Mr. Smith may make those specific, limited disclosures subject to the conditions identified in paragraph 5 of this Order. Alternatively, Hurley may agree in writing that the proposed disclosures are not subject to this Order or provide a limited written waiver of asserted privileges.

4.      If Hurley disagrees that the proposed disclosures are necessary for Mr. Smith to "defend [himself] or [his] employees or associates against an accusation of wrongful conduct", Hurley shall inform Mr. Smith in writing of its disagreement.  Mr. Smith will then have seven (7) days to file a sealed Motion with the Court (with service on Hurley), pursuant to E.D. Mich. LR 5.3, that sets forth a factual basis adequate to support a good faith belief by Mr. Smith that an exception to MRPC 1.6 permits the proposed disclosures.  Hurley will then be permitted to file a Response to Mr. Smith's Motion within seven (7) days.  Unless a Hearing on such a Motion is closed by the Court, counsel is forbidden from identifying the substance of the confidences and secrets in the public Hearing.  The Court will review the disputed material *in camera* and rule on whether the disclosure is authorized under the Rules of Professional Conduct.  The Court, however, may, in its discretion, appoint a special master to resolve such disputes.

5.      If Hurley agrees, or the Court rules, that a specific disclosure is authorized under Rule 1.6 (hereinafter "Authorized Disclosure"), Mr. Smith may make the Authorized Disclosure to: (a) the Court and Court personnel (subject to the provisions of ¶ 4 above and ¶¶ 9-10 below); (b) his counsel; (c) Hurley's counsel; (d) other persons who Hurley or the Court have specifically authorized as having a need to know, provided that these persons have assented to the terms of this Protective Order in writing before the disclosure is made, including the

prohibitions on further revelation or use of the disclosures set forth in paragraph 8 of this Order.

6.      If Mr. Smith intends to give answers in his deposition that may constitute confidences and secrets of Hurley Medical Center, Mr. Smith must indicate that he is about to disclose confidences and secrets prior to answering so that relevant portions of the transcript may be sealed.  Hurley will have 14 days from the date it receives the official transcript to designate additional portions of the transcript be sealed to the extent that Mr. Smith's answers constitute confidences or secrets.  Information revealed in the deposition and designated as confidences or secrets is subject to the terms of this Protective Order and may not be disclosed unless authorized through the procedures set forth in paragraphs 2 through 5 of this Order.

7.      To the extent that Mr. Smith makes disclosures not pre-authorized under this Order that Hurley believes are its confidences or secrets, Hurley shall send Mr. Smith's counsel a written objection within seven (7) days.  If the parties are unable to resolve the objection, Hurley may seek the Court's assistance in resolving the dispute via Motion within 14 days of sending the written objection. Once Hurley serves the written objection, Mr. Smith may not further reveal or use disputed information unless one of the following occurs:  (a) Hurley agrees to withdraw its objection; (b) Hurley fails to file a Motion within 14 days of sending

the objection; (c) the Court rules, in response to the Motion, that the disputed information is not a confidence or secret; or (d) the Court rules, in response to the Motion, that the information is a confidence or secret but is an Authorized Disclosure under this Order. The Court may take additional steps – at the request of Hurley or on its own initiative – to limit further disclosure of the revealed confidences or secrets.

8.     Authorized Disclosures shall not be used for any purpose except the preparation and trial of this case, *William D. Smith v Melany Gavulic and Hurley Medical Center*, Case No. 2:15-cv-10288, and no person authorized to receive the disclosures under paragraph 5 of this Order may reveal the Authorized Disclosures to any other person. Confidences and secrets of Hurley that have not been authorized for disclosure may not be revealed to any other person or used in this litigation or in any other matter.

9.     Documents containing Authorized Disclosures shall be so designated by counsel by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "RULE 1.6 AUTHORIZED DISCLOSURE/FILE UNDER SEAL" or a substantially similar designation.

10.     Authorized Disclosures may be filed with the Court, pursuant and subject to Local Rule 5.3, to the extent reasonably necessary to support Motions or

6

other matters related to the litigation; however, Authorized Disclosures must be filed under seal. [1]  Public filings must redact references to Authorized Disclosures.

11.    At the conclusion of this case, each document, and all copies thereof, which contain Authorized Disclosures must be returned to Hurley Medical Center. Hurley may agree to allow Mr. Smith to destroy documents containing Authorized Disclosures by way of a mutually agreed upon procedure.  Where the parties agree to allow Mr. Smith to destroy documents containing Authorized Disclosures, Mr. Smith shall provide Hurley with an Affidavit confirming the destruction.

IT IS SO ORDERED.

Dated: August 19, 2015                     s/Anthony P. Patti
                                           Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on August 19, 201, electronically and/or by U.S. Mail.

                                           s/Michael Willliams
                                           Case Manager for the
                                           Honorable Anthony P. Patti

---

[1]*See Tri-County Wholesale Distributors, Inc. v. Wine Group, Inc.*, 575 F. App'x 477,  at **7 and 13 (6th Cir. 2012) (finding a protective order overbroad where the parties were able to self-designate documents to be filed under seal).

The above order is stipulated to:

| | |
|---|---|
| /s/ Glen N. Lenhoff  (by permission) | /s/ Thomas J. Davis |
| Glen N. Lenhoff (P32610) | Eric J. Pelton (P40635) |
| Michael E. Freifeld (P48198) | Thomas J. Davis (P78626) |
| LAW OFFICE OF | KIENBAUM OPPERWALL HARDY |
|   GLEN N. LENHOFF |   & PELTON, P.L.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 328 South Saginaw Street | 280 N. Old Woodward Avenue |
| 8th Floor, North Building | Suite 400 |
| Flint, Michigan 48502 | Birmingham, MI 48009 |
| (810) 235-5660 | (248) 645-0000 |
| lenhofflaw@usol.com | epelton@kohp.com |
| | tdavis@kohp.com |

*Attorneys for Plaintiff*          *Attorneys for Defendant*